## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: ) | |
| ) | |
| GERALD PARKS MCJUNKIN, ) | Bankruptcy Case No. 11-13318 EEB |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| TERRAPLUS USA, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 11-01331 EEB |
| ) | |
| GERALD PARKS MCJUNKIN ) | |
| ) | |
| Defendant. ) | |

_____

### ORDER DENYING MOTION TO DISMISS
_____

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. Rule 7012, and the Response thereto filed by Plaintiff Terraplus USA, Inc. ("TUSA"). For the reasons discussed below, the Court finds that the Motion to Dismiss should be DENIED.

**Background**

TUSA is a Colorado corporation with its principal office in Canada that sells geophysical equipment. Gerald Parks McJunkin ("McJunkin") is the former president, secretary, and treasurer of TUSA who conducted operations from his home in Littleton, Colorado. TUSA's board of directors consisted of McJunkin, Dr. Ivan Hrvoic, and Claude B. Meunier. In state court litigation, TUSA obtained a judgment against McJunkin for $618,109.00, based on breach of fiduciary duty, misappropriation of funds and assets, paying himself unauthorized salary and benefits, engaging in a competing business, and usurping corporate opportunity.

McJunkin filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 23, 2011. TUSA filed this adversary proceeding on May 20, 2011, alleging three claims for relief under 11 U.S.C. §§ 523 (a)(4), 523(a)(6), and 727. Attached to the complaint as Exhibit A

was the state court's findings of fact, conclusions of law, and order.[1] Attached as Exhibit B was the order of the Colorado Court of Appeals, which affirmed the judgment and remanded for the award of attorney fees and interest. Attached as Exhibit C was the state court order on remand, entered on November 24, 2010, which awarded attorney fees and interest.

**Standard for Dismissal**

McJunkin files his Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), which is made applicable to these proceedings by FED. R. BANKR. P. 7012. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007)).

**Analysis of Claims**

**I.  First claim for relief:  11 U.S.C. § 523(a)(4): fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.**

A.  McJunkin is correct that TUSA has not stated a claim upon which relief can be granted under the first part of § 523(a)(4), for fraud or defalcation while acting in a fiduciary capacity. There is nothing in the complaint that alleges an express or technical trust, as required under *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367 (10th Cir. 1996) to establish a fiduciary relationship under § 523(a)(4). Such a trust may be created by a state statute. *See, e.g., Allen v. Romero (In re Romero)*, 535 F.2d 618 (10th Cir. 1976) ( New Mexico contractor licensing statute created technical trust). Here, in Exhibit A to the complaint,[2] the state court expressly found that McJunkin did not violate Colo. Rev. Stat. § 7-108-401 or § 7-108-403. Further, even if the state court had found a violation of those statutes, the fiduciary relationship required for purposes of 523(a)(4) is stricter than that required by Colorado law. *See In re Steele*, 292 B.R. 422 (Bankr. D. Colo. 2003)(holding that nothing in Colorado's corporation statutes imposes a fiduciary duty on directors of a corporation running in favor of individual shareholders which rises to the level of an express or technical trust necessary to find liability under 11 U.S.C. § 523 (a)(4)). Thus, even though the state court found that McJunkin breached a fiduciary duty to TUSA, that finding does not have any preclusive effect here because a breach

---

[1] The actual document apparently was submitted by TUSA, with the court striking and amending certain portions in a one-page "comments" section at the end of the document.

[2] Under Fed. R. Civ. P. 10, "a copy of an instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

of the fiduciary duty under Colorado law does not equate to a breach of an express or technical trust under *Young*.

  B. McJunkin is not correct, however, that TUSA has failed to state a claim upon which relief can be granted under the second part of § 523(a)(4): embezzlement or larceny. In a footnote to the Motion to Dismiss, McJunkin states, "TUSA does not allege that McJunkin committed embezzlement or larceny, which are additional bases for non-dischargeability under § 523(a)(4)."[3] Motion to Dismiss at 3. It is true that TUSA does not specifically use those words in the complaint. However, McJunkin does cite to 523(a)(4) which includes "embezzlement" and "larceny," and a fair reading of TUSA's complaint could arguably encompass the embezzlement or larceny portion of such a claim. *See In re Wallace*, 840 F.2d 762 (10th Cir. 1988).

  TUSA's first claim for relief states the following: "Debtor misappropriated money and property from TUSA for his own use and benefit or for the benefit of his companies . . . as determined by the Court in the State Court Litigation and the Appellate Court decision." Additionally, the state court specifically found the following: (1) "McJunkin converted $106,440 of Terraplus inventory to his new company, Terraplus Group." (Ex. A. at 9); (2) "McJunkin misappropriated $10,260 of Terraplus funds to pave his driveway." (Ex. A. at 11); (3) McJunkin misappropriated a Dell computer currently valued at $4,294.41." (Ex. A at 10); and (4) "The total amount of cash directly converted by McJunkin without Board approval on April 27 and 28, 2004 totaled $47,392." (Ex. A at 11).

  Embezzlement or larceny requires a finding of intent. *See Tague & Beem, P.C. v. Tague (In re Tague)*, 137 B.R. 495 (Bankr. D. Colo. 1991). There is a statement in Exhibit A regarding McJunkin's intent appearing at page 12: "The Court finds that McJunkin intentionally misled Directors Dr. Hrvoic and Meunier about his intentions to start his own company." Given that statement, and others in Exhibit A, this court could reasonably make inferences that embezzlement or larceny is "plausible" under *Twombly*. While it does not appear that TUSA specifically asserted an embezzlement claim in the state court action, at least one bankruptcy court has held that it was not precluded from finding embezzlement was committed by a debtor even though the state court judgment included only breaches of contract and fiduciary duty. *In re Corwin*, 76 B.R. 221 (Bankr. S. D. Fla. 1987).[4]

---

[3] A creditor need not show a fiduciary relationship to prevail on a larceny or embezzlement claim of exemption from discharge. *In re Lynch*, 315 B.R. 173 (Bankr. D. Colo. 2004).

[4] Note that this is different than the question of collateral estoppel: In *In re Schmanke*, 263 B.R. 125 (Bankr. D. Colo. 2001), the bankruptcy court found that a creditor was collaterally estopped by a state court judgment that specifically found the debtor did *not* intend to convert funds.

## II. Second Claim for Relief: 11 U.S.C. § 523(a)(6) Willful and malicious injury.

For its claim for relief under 523(a)(6), TUSA states in its complaint: "By transferring assets of TUSA, including, without limitation, money, property, and going concern value, to companies under Debtor's sole control . . . which were direct competitors of TUSA selling the same products from the same location to the same customers and using an identical website, while Debtor was an officer . . .of  TUSA, Debtor willfully and maliciously injured TUSA and its property."  These allegations support a reasonable inference that the McJunkin caused a deliberate or intentional injury to TUSA.  *See Lykins v. Teta (In re Teta)*, 2011 WL 2435948 (Bankr. D. Colo. 2011), at *12 ("Taking another's valuable property knowingly and volitionally, intending to deprive them of its use and benefit, clearly falls within the scope of this standard").

## III. Third Claim for Relief: 11 U.S.C. § 727

In its complaint, TUSA alleges McJunkin has failed to provide documentation regarding transfers of assets made from him to Heritage Group, Inc., a company he owns and controls, and as a result, he has concealed, destroyed, or failed to keep or preserve adequate records from which his financial condition may be ascertained.  While this Court realizes that the burden is on TUSA to "marshal compelling evidence of all the elements of § 727," *In re Drenckhahn*, 77 B.R. 697 (Bankr. D. Minn. 1987), TUSA should have the opportunity to develop this evidence during the discovery process.

**Conclusion and Order**

McJunkin has not shown that TUSA has failed to state a claim upon which relief may be granted under Fed. Bankr. R. 7012 and Fed. R. Civ. P. 12.  Accordingly, the Court hereby

ORDERS that the Motion to Dismiss is DENIED.  The Court

FURTHER ORDERS that Defendant shall file an answer to Plaintiff's complaint within 14 days of the date of this Order.

DATED this 2nd day of September, 2011.

BY THE COURT:

Elizabeth E. Brown, Bankruptcy Judge

4